UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSE MONTERO GUDINO, | No.  1:26-cv-02424-KES-CDB (HC) |
| Petitioner, | FINDINGS AND RECOMMENDATIONS TO DISMISS PETITION FOR WRIT OF HABEAS CORPUS AS MOOT |
| v. | |
| WARDEN OF THE MESA VERDE DETENTION FACILITY, *et al.*, | (A-Number: 231-830-041) |
| Respondents. | (Docs. 1, 8) |
| | **14-DAY OBJECTION PERIOD** |

Petitioner Jose Montero Gudino ("Petitioner"), a federal immigration detainee, proceeds pro se with a petition for writ of habeas corpus under 28 U.S.C. § 2241.  (Doc. 1).  For the reasons set forth below, the undersigned recommends that the Court dismiss Petitioner's petition for writ of habeas corpus as moot.

I.    **Background**

On March 30, 2026, Petitioner filed the instant petition while in custody of Immigration and Customs Enforcement ("ICE") at the Mesa Verde Detention Facility.  (Doc. 1 ¶ 1).  Following a preliminary review of the petition and finding that it is not clear from the face of the petition whether Petitioner is entitled to relief, on April 2, 2026, the Court set a briefing schedule on the petition.  (Doc. 5).

On April 22, 2026, Respondents filed an answer, contending that the petition should be

dismissed as moot because Petitioner received a custody redetermination hearing and was ordered released on bond, and the petition no longer presents a live controversy.  (Doc. 8); *see* (Doc. 8-1, "Ex. 1") (April 22, 2026, order of the immigration judge granting Petitioner release from custody under bond).

II.   **Governing Authority**

"To maintain an extant claim, a litigant must continue to have a personal stake in the outcome of the suit throughout 'all stages of federal judicial proceedings.'" *Abdala v. I.N.S.*, 488 F.3d 1061, 1063 (9th Cir. 2007) (quoting *United States v. Verdin*, 243 F.3d 1174, 1177 (9th Cir. 2001)).  "At any stage of the proceeding a case becomes moot when 'it no longer present[s] a case or controversy under Article III, § 2 of the Constitution.'" *Id.* (quoting *Spencer v. Kemna*, 523 U.S. 1, 7 (1998)).

"For a habeas petition to continue to present a live controversy after the petitioner's release or deportation … there must be some remaining 'collateral consequence' that may be redressed by success on the petition." *Id.* at 1064 (citation omitted); *see Spencer*, 523 U.S. at 7 ("Once the [petitioner's] sentence has expired, however, some concrete and continuing injury other than the now-ended incarceration or parole—some 'collateral consequence' of the conviction—must exist if the suit is to be maintained.").  "Where the grounds for habeas relief will not redress collateral consequences, a habeas petition does not continue to present a live controversy once the petitioner is released from custody." *Id.*

III.   **Discussion**

Here, Petitioner's petition seeks immediate release from custody or, in the alternative, a bond hearing in which the government bears the burden to establish by clear and convincing evidence that Petitioner presents a risk of flight or danger to justify his detention.  (Doc. 1 at 17). Given Respondents show that Petitioner obtained a bond hearing and was ordered released on bond on April 22, 2026, and that DHS reserved appeal and decided to release Petitioner in accord with the terms of the bond order, Petitioner's release moots the relief he seeks in the instant petition. Because Petitioner is no longer in ICE custody, the undersigned finds that no case or controversy exists and recommends that the petition be dismissed as moot, as other judges of this Court have

found and dismissed for mootness under similar circumstances. *See, e.g., Munoz v. Rowland*, 104 F.3d 1096, 1098 (9th Cir. 1997) (release of a prisoner moots a habeas corpus case); *Harutyunyan v. Warden*, No. 1:25-cv-00859-HBK (HC), 2025 WL 3467495, at *2 (E.D. Cal. Dec. 2, 2025) (dismissing petition as moot after petitioner was released from custody); *Colin v. Warden*, No. 1:23-cv-00127-JLT-CDB (HC), 2025 WL 2260049, at *2 (E.D. Cal. July 25, 2025) (recommending dismissal with prejudice as moot), *recommendation adopted*, 2025 WL 2373532 (E.D. Cal. Aug. 14, 2025) (adopting in full findings and recommendations and dismissing petition without prejudice as moot); *Nadyrov v. Warden*, No. 1:25-cv-00754-JLT-EPG-HC, 2025 WL 3555166, at *1 (E.D. Cal. Dec. 11, 2025), *recommendation adopted*, 2026 WL 147983 (E.D. Cal. Jan. 20, 2026); *Nguyen v. Field Office Director*, No. 1:24-cv-01579-KES-EPG-HC, 2025 WL 1864885, at *1 (E.D. Cal. June 4, 2025), *recommendation adopted,* 2025 WL 2106696 (E.D. Cal. July 28, 2025).

## IV.    **Conclusion and Recommendation**

Accordingly, IT IS RECOMMENDED that:

1. Petitioner's petition for writ of habeas corpus (Doc. 1) be DISMISSED as MOOT; and

2. The Clerk of the Court be DIRECTED to close this case.

These Findings and Recommendations will be submitted to the United States District Judge assigned to this case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). **Within 14 days** after being served with a copy of these Findings and Recommendations, a party may file written objections with the Court. Local Rule 304(b). The document should be captioned, "Objections to Magistrate Judge's Findings and Recommendations" and **shall not exceed 15 pages** without leave of Court and good cause shown. The Court will not consider exhibits attached to the Objections, but a party may refer to exhibits in the record by CM/ECF document and page number. Any pages filed in excess of the 15-page limitation may be disregarded by the District Judge when reviewing these Findings and Recommendations under 28 U.S.C. § 636(b)(l)(C).

///

///

///

///

A party's failure to file any objections within the specified time may result in the waiver of certain rights on appeal. *Wilkerson v. Wheeler*, 772 F.3d 834, 839 (9th Cir. 2014).

IT IS SO ORDERED.

Dated:    **June 17, 2026**

_____
UNITED STATES MAGISTRATE JUDGE